DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Ottawa County Court of Common Pleas, which rendered a decision relative to the sentencing of appellee Michael Grodi. Appellee moves to dismiss the appeal. For the reasons that follow, we dismiss the appeal.
On or about October 11, 1998, appellee was involved in a fist fight outside of a bar in Oak Harbor, Ohio. During the fight, appellee punched a man in the face, breaking the man's nose. The victim required hospital treatment for his injuries. When an off-duty Lucas County Sheriff's deputy tried to intervene to assist the victim, appellee attacked the deputy sheriff as well, causing the deputy injuries which required him to be off of work for a brief period.
On July 27, 1999, appellee was charged in a two-count information. Count One alleged aggravated assault in violation of R.C. 2903.12, a felony of the fourth degree, and Count Two alleged assault in violation of R.C. 2903.13, a misdemeanor of the first degree. On August 11, 1999, appellee pleaded no contest to both counts, and the trial court found appellee guilty on both counts. Appellee appeared for sentencing on October 15, 1999. In sentencing appellee, the court considered the record, the oral statements, the victim impact statements, the presentence investigation report, and the principles and purposes of felony sentencing under R.C. 2929.11. The court also balanced the seriousness and recidivism factors under R.C. 2929.12. In the judgment entry, the court found that the more serious factors outweigh the less serious factors and that, in fact, the less serious factors "are not present." The court also found that recidivism was likely.
At the sentencing hearing the trial court also considered the factors under R.C. 2929.13(B)(1) to determine if, for the fourth degree felony, a term of incarceration was appropriate. The court found that R.C. 2929.13(B)(1)(a) applied because appellee caused serious harm to two persons. Based upon all of these findings, the court stated:
 "So, in determining the sentence, the Court believes that weighing the seriousness and recidivism factors and considering the purposes for sentencing, that prison is consistent with the purposes and principles for sentencing; however, the Court does believe that Mr. Wargo [the probation officer], if he can get a wrap on Mr. Grodi, might be able to help him in a community corrections setting; and therefore, I do find, even though I would normally sentence the defendant to prison, I do find that he is amenable at this time to an available community sanction; and therefore, I will place him under community control for a period of three years.
" * * *."
In sentencing appellee to community control, the court set both residential and non-residential sanctions. Of concern in this case is the residential sanction. On the fourth degree felony, the trial court ordered appellee to serve a period of one hundred eighty days in the Ottawa County Detention Facility, stating to appellee, "After you're in there and have adjusted, we will consider release, so that you can continue your employment." On the first degree misdemeanor, the court also ordered appellee to serve one hundred eighty days in the detention facility, to be served concurrently with the felony sentence.
Appellee did, indeed, serve time in the work release program. On October 27, 1999, appellee filed a "Motion to Modify Defendant's Community Control Sanction to an In-Home Arrest Sanction," which the trial court denied on November 8, 1999. Then, on November 22, 1999, appellee filed a "Motion to Reconsider Changing Defendant's Community Control Sanction to an In-Home Arrest Sanction." The court held a hearing on this motion on December 7, 1999. At the hearing, the trial court noted that appellee had spent in excess of $1,600 of his income since his arrival in the work release program on administrative fees for that program. The court indicated that this amount may be excessive, noting that the purpose of the work release program is to allow an offender to support his or her family while serving his or her sentence. Stating that appellee should be relieved from the burden of the "perhaps excessive" costs of the program, the court granted appellee's motion and sentenced appellee to house arrest with electronic monitoring. Appellant state of Ohio appeals from this judgment, setting forth the following assignment of error:
 "THE FELONY SENTENCE IMPOSED ON THE DEFENDANT IS NOT SUPPORTED BY THE RECORD AND IS OTHERWISE CONTRARY TO LAW."
Appellee moves to dismiss the appeal.
In its brief, appellant concedes that it is not statutorily permitted to appeal from a modification of a sentence unless the sentence was for a first or second degree felony. See R.C. 2953.08(B)(3). However, appellant contends that the trial court did not modify appellee's sentence, it actually resentenced appellee. Appellee moves to dismiss the appeal, arguing that appellant cannot appeal the modification of a sentence for a fourth degree felony.
R.C. 2929.15(C) allows a trial court to modify a community control sanction under certain circumstances. That section provides:
 "If an offender, for a significant period of time, fulfills the conditions of a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code in an exemplary manner, the court may reduce the period of time under the sanction or impose a less restrictive sanction."
R.C. 2953.08(B) provides for appeals by the state from sentencing orders. That section provides:
 "In addition to any other right to appeal and except as provided in division (D) of this section, a prosecuting attorney, a city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general, if one of those persons prosecuted the case, may appeal as a matter of right a sentence imposed upon a defendant who is convicted or pleads guilty to a felony or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon such a defendant, on any of the following grounds:
 "(1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, as set forth in section 2929.13 or Chapter 2925. of the Revised Code.
"(2) The sentence is contrary to law.
 "(3) The sentence is a modification under section 2929.20 of the Revised Code of a sentence that is imposed for a felony of the first or second degree."
Upon review of the record, we find that the trial court modified the sentence pursuant to R.C. 2929.15(C); it did not resentence appellee as appellant contends. The transcript of the December 7, 1999 hearing contains no indicia of a sentencing hearing. Since appellant is attempting to appeal from a modification of a sentence for a fourth degree felony, the appeal must be dismissed. See R.C. 2953.08(B). Appellant is ordered to pay the court costs of this appeal.
 _____________________ PIETRYKOWSKI, J.
 Peter M. Handwork, J., Richard W. Knepper, P.J., JUDGES CONCUR.